IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ANTWAN KHALE HEYWARD, | |
| Petitioner, | CIVIL ACTION NO.: 2:22-cv-143 |
| v. | |
| WARDEN J. FIKES, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Antwan Heyward ("Heyward"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Heyward filed a Response. Docs. 9, 11.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Heyward's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Heyward *in forma pauperis* status on appeal.

## BACKGROUND

Savannah-Chatham Metropolitan Police Department officers arrested Heyward on July 6, 2017, based on drug and weapons charges.  Doc. 9 at 2.  At this time, Heyward was subject to a State of Georgia parole term, and his maximum release date for the parole charges was May 10, 2019.  The State of Georgia revoked Heyward's parole on July 24, 2017, and he was returned to the custody of the Georgia Department of Corrections.  Id.

Heyward was indicted in this District on January 10, 2018, based on charges of possession of a firearm by a convicted felon, possession of cocaine base and cocaine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense. Indictment, United States v. Heyward, 4:18-cr-17 ("Crim. Case"), ECF No. 1. On January 25, 2018, Heyward was taken into federal custody via a writ of habeas corpus *ad prosequendum* issued from this Court. Id. at ECF No. 6. Heyward pleaded guilty to the two drug offenses, and on August 8, 2018, the Honorable Lisa Godbey Wood sentenced Heyward to 151 months' imprisonment on each count, to be served concurrently with each other. Id. at ECF No. 39, pp. 1–2. Judge Wood recommended Heyward being given credit toward his federal sentence "for all time served in custody since January 25, 2018, that is not credited toward another sentence." Id. at p. 2.

Heyward was returned to state custody on August 8, 2018, and federal authorities placed a detainer against Heyward with state authorities. Heyward was released from the Georgia Department of Corrections on May 10, 2019, and came into exclusive federal custody that same day. Doc. 9 at 3.

The Bureau of Prisons ("BOP") computed Heyward's 151-month federal sentence as beginning on May 10, 2019. Doc. 9-1 at 3. Heyward has a projected release date of March 24, 2030, via good conduct time release. Id. at 3, 6.

## DISCUSSION

In his Petition, Heyward asserts the BOP failed to follow its procedures and award him jail time credit against his federal sentence from January 25, 2018, through August 8, 2018. Doc. 1 at 6, 10.

2

Respondent maintains this time cannot be credited against Heyward's federal sentence because he was only "borrowed" into secondary federal custody on the writ of habeas corpus *ad prosequendum*, which did not confer primary jurisdiction to the federal government. Doc. 9 at 5–6. Instead, Respondent asserts Heyward was in primary custody of the State of Georgia from July 6, 2017 (date of arrest), until May 10, 2019 (date of release), and received credit against his state sentence for this entire period. Id. at 5. Respondent states Heyward has received all of the credit he is entitled to and his Petition is due to be dismissed. Id. at 6.

I. **Heyward Is Not Entitled to Credit Against His Federal Sentence**

    A. **The Date Heyward's Federal Sentence Commenced**

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant "for any time he has spent in official detention prior to the date the sentence commences." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). "A federal district court reviews for abuse of discretion the BOP's decision under [18 U.S.C.] § 3585 regarding commencement of a federal sentence and the grant of credit for prior custody." Paradis v. Keller, No. 1:10-CV-2354, 2011 WL 2790480, at *4 (N.D. Ga. June 13, 2011), *report and recommendation adopted*, 2011 WL 2790472 (N.D. Ga. July 14, 2011). To determine whether the BOP properly calculated when Heyward's federal sentence commenced, the Court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585 of Title 18 of the United States Code, which pertains to "credit for prior custody," is

3

controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

Heyward was arrested on state charges by State of Georgia authorities on July 6, 2017, and, at that time, he was subject to a term of parole with a release date of May 10, 2019. Doc. 9 at 2. Heyward was transferred to secondary federal custody via a writ of habeas corpus *ad prosequendum* on January 25, 2018. Id.; Crim. Case, ECF No. 6. Heyward was sentenced in federal court on August 8, 2018, to a 151-month sentence on each count to which he pleaded guilty, to be served concurrently with each other. Crim. Case, ECF No. 39. Heyward was returned to state authorities on August 8, 2018, and was released from state custody upon completion of his term of imprisonment on the parole term on May 10, 2019; on this same date, Heyward was returned to federal custody. Doc. 9-1 at 3, 12, 34, 35. The BOP computed Heyward's sentence as commencing on May 10, 2019, the date he was received into primary federal custody for service of his federal sentence. Id. at 8; 18 U.S.C. § 3585(a). The BOP

4

committed no error and did not abuse its discretion in determining Heyward's federal sentence commenced on May 10, 2019, the date he was in exclusive federal custody.

### B. Calculation of Credit Against Heyward's Federal Sentence

In determining the proper credit, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Heyward's federal sentence did not commence on July 6, 2017, the date he was arrested by Georgia authorities, or on July 24, 2017, the date his parole was revoked and he was returned to the custody of the Georgia Department of Corrections. Heyward's federal sentence also did not commence when he was in secondary federal custody on January 25, 2018, under a writ of habeas corpus *ad prosequendum*. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (noting writ of habeas corpus *ad prosequendum* is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction"); see also Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) ("'[I]if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'"). Heyward was released back to the primary custody of the State of Georgia on August 8, 2018, and his state sentence expired on May 10, 2019. He was then in exclusive

5

federal custody starting on May 10, 2019. Doc. 9 at 3. Heyward received credit against his state sentence from January 25, 2018 (the date of his federal writ) to August 8, 2018 (the date he was sentenced in federal court and released back to the primary custody of the State). Doc. 9-1 at 31. Judge Wood recommended Heyward be credited with time against his federal sentence which was not already credited against another sentence. Crim. Case, ECF No. 39, p. 2. As Heyward was credited with this time against his state sentence, there is no additional time for the BOP to credit against his federal sentence.

To be clear, Heyward remained in primary state custody until he was transferred to federal custody on May 10, 2019, which is the date he arrived in primary federal custody. Heyward is not entitled to receive credit for his time in secondary federal custody which has already been credited against his state court sentence. In addition, he is not entitled to credit against his federal sentence before his federal sentence commenced. In sum, Heyward is not entitled to any additional credit against his federal sentence under § 3585. Consequently, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Heyward's Petition.[1]

---

[1] In his Response, Heyward asserts, "Respondent failed to address the issue, that the BOP refused to award petitioner the "nunc pro tunc" credit for the time spent in state custody." Doc. 11 at 1. Respondent did not address this issue in his Motion to Dismiss because Heyward did not raise this issue in his Petition. Doc. 1. Instead, Heyward only seeks credit against his federal sentence for the time he spent in secondary federal custody on a writ of habeas corpus *ad prosequendum*, as discussed. The Court briefly addresses Heyward's argument, however. Judge Wood did not indicate in her judgment whether Heyward's federal sentence was to run concurrently with or consecutively to his state sentence; thus, Heyward's federal sentence was to run consecutively to his state sentence. R. & R., Cook v. Edge, 2:19-cv-35 (S.D. Ga. Mar. 16, 2021), ECF No. 10, p. 3 (quoting United States v. Beamon, CR 405-007, 2016 WL 4098593, at *1 (S.D. Ga. July 28, 2016) ("When multiple terms of imprisonment are imposed at different times, . . ., the terms are presumed to run consecutively unless the court orders otherwise.") (citing 18 U.S.C. § 3584(a))). While the BOP must consider any request for *nunc pro tunc* designation (i.e., "designating a state institution retroactively as the place to serve the federal sentence[]"), this does not mean the BOP is required to grant this request. https://www.bop.gov/policy/progstat/5160_005.pdf, pp. 5–6 (last visited June 27, 2023). There is nothing before the Court indicating Heyward requested *nunc pro tunc* designation or, if Heyward did so, the BOP acted outside of its discretion in denying the request.

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Heyward leave to appeal *in forma pauperis*. Though Heyward has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Heyward's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Heyward's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Heyward leave to proceed *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 27th day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA